**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

———

KENYUATA HESTER,

     Plaintiff,

  v.

WIDENER UNIVERSITY,

     Defendant.

———

Civil Action No. **26 - 500** _____

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

### NATURE OF THE ACTION

1. This is a civil rights action brought pursuant to Title II and Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, 12182; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Fair Housing Act, 42 U.S.C. § 3604, arising from Widener University's unlawful directive requiring Plaintiff to remove him trained psychiatric service dog from university premises within 24 hours.

### PARTIES

2. Plaintiff Kenyuata Hester is an individual residing in the state of Delaware and enrolled as a student at Widener University. Plaintiff is a qualified individual with a disability as defined by the ADA, the Rehabilitation Act, and the Fair Housing Act.

3. Defendant Widener University is a private university with its principal campus at One University Place, Chester, Pennsylvania 19013. Widener University is a recipient of federal financial assistance and is subject to the ADA, Section 504, and the Fair Housing Act.

### JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### FACTUAL ALLEGATIONS

6. Plaintiff Kenyuata Hester is a student at Widener University who has been diagnosed with Post-Traumatic Stress Disorder (PTSD), severe major depressive disorder, and psychiatric illness.

7. These conditions substantially limit Plaintiff's major life activities, including but not limited to thinking, concentrating, communicating, sleeping, and caring for himself.

8. Plaintiff's treating mental health provider has directed that Plaintiff use a trained psychiatric service dog to assist in managing him disability.

9. Huddy is a pit bull who has been individually trained to perform tasks directly related to Plaintiff's psychiatric disability, including interrupting anxiety episodes, providing grounding stimulation during dissociative events, and performing therapeutic pressure application during psychiatric emergencies.

10. On or about April 30, 2026, Dean Todd Clark, acting as an agent of Widener University, verbally directed Plaintiff to remove Huddy from all university premises within twenty-four (24) hours.

11. Defendant provided no written notice of this directive.

12. Defendant engaged in no interactive process with Plaintiff prior to issuing this directive.

13. Defendant provided no written findings regarding any alleged direct threat posed by Huddy.

14. Defendant proposed no alternative accommodation.

15. Huddy has not engaged in any behavior that would constitute a direct threat to the health or safety of others.

16. Defendant's directive, if enforced, will cause Plaintiff to lose access to him trained service animal upon whom he depends for daily functioning and psychiatric stability.

## CAUSES OF ACTION

### COUNT I — Violation of Title II/III of the Americans with Disabilities Act

17. Plaintiff realleges and incorporates all preceding paragraphs.

18. Defendant's actions constitute discrimination against a qualified individual with a disability by denying the benefits of services, programs, and activities, and by failing to make reasonable modifications in policies and practices to permit use of a service animal. 42 U.S.C. §§ 12132, 12182; 28 C.F.R. §§ 35.136, 36.302(c).

### COUNT II — Violation of Section 504 of the Rehabilitation Act

19. Plaintiff realleges and incorporates all preceding paragraphs.

20. Defendant, as a recipient of federal financial assistance, has discriminated against Plaintiff solely on the basis of him disability in violation of 29 U.S.C. § 794.

### COUNT III — Violation of the Fair Housing Act

21. Plaintiff realleges and incorporates all preceding paragraphs.

2

22. To the extent Plaintiff resides in university housing, Defendant's refusal to accommodate Plaintiff's service animal constitutes discrimination in the provision of housing in violation of 42 U.S.C. § 3604(f)(3)(B).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kenyuata Hester respectfully requests that this Court:

a) Enter a Temporary Restraining Order and Preliminary Injunction prohibiting Defendant from excluding or removing Plaintiff's service animal Huddy from university premises;

b) Enter a permanent injunction requiring Defendant to comply with the ADA, Section 504, and the Fair Housing Act with respect to Plaintiff's service animal;

c) Award compensatory damages in an amount to be proven at trial;

d) Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a; and

e) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: April 30, 2026

_____

 Plaintiff Kenyuata Hester

### VERIFICATION

I, Kenyuata Hester, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____          Date: _____

Kenyuata Hester

3